**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DONELL BRANCH,

                    Plaintiff,

                  Civ. No. 09-1237 (DRD)

v.

                  **O P I N I O N**

ANGELA CONCEPCION,

                    Defendants.

*Appearances by:*

Donell Branch
214-220 Roseville Avenue #200
Newark, NJ 07101

      *Pro se Plaintiff,*

Eric M. Bernstein & Associates, LLC
by: Eric M. Bernstein, Esq.
Two North Road
P.O. Box 4922
Warren, NJ 07059

      *Attorneys for Defendant.*

**DEBEVOISE, Senior District Judge**

      The pro se Plaintiff, Donell Branch, filed a Complaint in this Court alleging that the

Defendant, Police Officer Angela Concepcion, unlawfully arrested him following a domestic

violence incident in which he was alleged to be the aggressor.  The Complaint seeks damages for

violations of Branch's civil rights under 42 U.S.C. § 1983.  The undisputed facts show that

Concepcion was on duty when the victim of the domestic violence incident was brought to the police station; Concepcion interviewed her and based on the victim's statement, drafted a Complaint-Warrant for Branch's arrest that a judicial officer reviewed and issued. Concepcion's present motion for summary judgment asserts the defense of qualified immunity from suit. The Court will grant the motion and dismiss the Complaint in its entirety.

## I. BACKGROUND

Keisha Davis-Chavis, a woman who had had a dating relationship with Branch, secured a Temporary Restraining Order ("TRO") against him on April 19, 2008. The TRO was still in effect when on July 2, 2008, two police officers from the East Orange Police Department responded to another domestic violence incident between Branch and Davis-Chavis. The officers brought Davis-Chavis to the police station to take her statement.

Concepcion, another police officer with the East Orange Police Department, became involved with the matter because she was the on-duty officer at the station. She asked Davis-Chavis questions about the incident. Davis-Chavis's signed statement indicates that on July 2, 2008, Branch entered Davis-Chavis's apartment building, attacked her and stole her cell phone. Based on that statement, Concepcion filled out two Complaint-Warrants. A judicial officer determined that probable caused existed for Branch's arrest and issued the Arrest Warrant. On July 17, 2008, two police officers stopped Branch for a traffic violation. When they performed a routine check of his vehicle's information, they found the active warrant for his arrest and arrested him.

## II. DISCUSSION

Summary judgment is proper where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For

2

an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

In a motion for summary judgment, the moving party has the burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of proof at trial, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. Id. at 325. If the moving party can make such a showing, then the burden shifts to the non-moving party to present evidence that a genuine issue of fact exists and a trial is necessary. Id. at 324. In meeting its burden, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just create "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In deciding whether an issue of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The Court's function, however, is not to weigh the evidence and determine the truth of the matter, but, rather, to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If there are no issues that require a trial, then judgment as a matter of law is appropriate.

Concepcion argues that she is entitled to qualified immunity. Branch asserts that the Court should deny the motion for summary judgment because Concepcion did not have probable cause to prepare the Complaint-Warrant for his arrest.

3

Concepcion has met her burden of showing that no genuine issue of material fact exists. With her motion for summary judgment, Concepcion included the TRO issued against Branch on April 19, 2008; the police report from the officers who responded to the July 2, 2008 domestic disturbance involving Branch and Davis-Chavis; the report Concepcion prepared after her interview with Davis-Chavis; a transcript of Davis-Chavis's voluntary statement; the Complaint-Warrants Concepcion prepared that were signed and issued by a judicial officer; and the police report from the officers who later arrested Branch. The Court finds that there are no issues that require a trial, so judgment as a matter of law is appropriate here on the basis of Concepcion's asserted qualified immunity.

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is intended as a shield against the burdens of litigation as well as liability. Walter v. Pike County, Pa., 544 F.3d 182, 190 (3d Cir. 2008). It is meant to protect "all but the plainly incompetent or those who knowingly violate the law." See, e.g., Montanez v. Thompson, 603 F.3d 243, 252 (3d Cir. 2010).

In assessing whether qualified immunity is warranted, the Court must determine whether "the plaintiff has alleged a deprivation of a constitutional right," and whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. Pearson v. Callahan, 129 S. Ct. 808, 816, 172 L. Ed. 2d 565 (2009). The court may address these prongs in either order. Id. at 818. "If an official could have reasonably believed that his or her actions were lawful, the official receives qualified immunity even if in fact the actions were unlawful." Forbes v. Twp. of Lower Merion, 313 F.3d 144, 148 (3d Cir. 2002).

4

The Court finds that Branch has not alleged a violation of a constitutional right, so Concepcion is entitled to qualified immunity.  The Complaint purports to assert violations of Branch's Fourth Amendment rights.  The Fourth Amendment proscribes "unreasonable searches and seizures" and states that "no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing…the persons…to be seized."  An arrest without probable cause is a constitutional violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546, 551 (3d Cir. 1989).

Probable cause exists if there is a "fair probability" that the person committed the crime at issue.  Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000) (citing Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997).  "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Id. (quoting Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995)). A police officer may be liable for civil damages for an arrest if "no reasonable competent officer" would conclude that probable cause exists.  Id. (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).  The Court finds that Concepcion's representations in the Complaint-Warrant were supported by probable cause because Concepcion reasonably concluded based on Davis-Chavis's signed statement that there was a "fair probability" that Branch had committed a crime.[1]

A plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions

---

[1] Although the question of probable cause in a § 1983 action is usually one for the jury, Estate of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003), courts "may conclude that probable cause did exist as a matter of law if the evidence, viewed most favorably to the plaintiff, reasonably would not support a contrary factual finding, and may enter summary judgment accordingly." Id. (quoting Sherwood, 113 F.3d at 401) (internal quotation marks omitted).

that create a falsehood in applying for a warrant;" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause."  Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000).  A "reckless disregard for the truth" where the challenged warrant contained assertions (as opposed to omissions) has been described as a "high degree of awareness of [the statements'] probable falsity." Id. (citations omitted).  There is no evidence in the record that would allow the Court to conclude that Concepcion exhibited a reckless disregard for the truth when she made assertions in support of the Complaint-Warrant based on Davis-Chavis's signed statement.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that summary judgment is appropriate at this stage.  The Court will grant Concepcion's motion because there is no material fact at issue and judgment as a matter of law is appropriate.  Concepcion's actions in taking Davis-Chavis's statement and filing a Complaint-Warrant on the basis of that statement did not violate Branch's constitutional right to be free of unreasonable seizures.  The Court will enter an order implementing this opinion.

**_s/ Dickinson R. Debevoise_**
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: July 21, 2010